UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHELLE ANNE STROMGREN,

    Plaintiff,

v.                                    Case No. 3:21-cv-908-MCR/MJF

KILOLO KIJAKAZI,

    Defendant.
    _____/

**REPORT AND RECOMMENDATION**

Plaintiff's counsel (the "Petitioner") filed an unopposed "Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act." *See* Doc. 22 ¶ 8 (certifying that the Commissioner does not object to the fees sought in the motion).

**I. BACKGROUND**

In June 2019, Plaintiff Michelle Anne Stromgren applied for Disability Insurance Benefits. Doc. 14 at 2. Her application both was denied initially and upon reconsideration by the state agency. *Id.* at 3–4. On December 10, 2020, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application for benefits. *Id.* at 4. On May 14,

2021, Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council. *Id.* at 5.

Plaintiff retained Petitioner to appeal the denial of her claim for disability insurance benefits. Tr. at 8–14.[1] Plaintiff signed a fee agreement with Petitioner in which she agreed to payment of attorney's fees equaling twenty-five percent of any accumulated past due benefits paid to her and her beneficiaries. *Id.* at 13. On July 19, 2021, Petitioner filed a civil action on Plaintiff's behalf seeking judicial review of the Defendant's decision denying Plaintiff's claim for disability insurance benefits. Doc. 1.

On January 30, 2022, Petitioner filed a twenty-two-page memorandum in support of Plaintiff's complaint. Doc. 14. On February 17, 2022, Defendant filed a memorandum in support of the Commissioner's decision. Doc. 15. On April 22, 2022, the District Court reversed the decision of the Commissioner and remanded this action for additional administrative proceedings. Doc. 17.

---

[1] All references to "Tr." refer to the transcript of the Social Security Administration record filed on November 17, 2021. Doc. 9. The page numbers cited refer to those found on the bottom right corner of each page of the transcript.

Petitioner was subsequently awarded fees in the amount of $6,209.59 and costs in the amount of $402.00, for representing Plaintiff before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")).[2] Doc. 20. On April 3, 2023, following the District Court's remand of Plaintiff's case, an ALJ issued a decision favorable to Plaintiff. Doc. 22 ¶ 1. In the instant motion, Petitioner seeks payment of $14,550.48, which is twenty-five percent of the benefits award. *Id.* ¶ 6.

## II. DISCUSSION

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions: the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney's fees when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA are meant to penalize the Commissioner for assuming an ostensibly unjustified legal

---

[2] Petitioner affirms that, pursuant to 42 U.S.C. § 406(b)(1)(A), the funds awarded to Plaintiff "and [that] Petitioner received" in the amount of "$6,611.59 . . . will be refunded to Plaintiff, resulting in a net attorney fee of $7,938.89" if this court grants Petitioner's motion. Doc. 22 ¶ 6.

position, and they are paid with Social Security Administration funds. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006).

42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits both at the administrative level and in federal court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (citation omitted). For proceedings in court, when a judgment favorable to the claimant is rendered, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.*

Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney's fees for the same services provided under the EAJA and the Social Security Act. *See* 42 U.S.C. § 406(b)(1)(A). In other words, when fee awards have been

awarded "under both prescriptions, the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (citation omitted).

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b) and does not exceed the maximum recovery permitted under the terms of that statute. In support of the motion, Petitioner states that the fee is reasonable because: (1) Petitioner and Plaintiff entered a written agreement which provides that Petitioner is entitled to a contingent fee of no more than twenty-five percent of past due benefits to Plaintiff and Plaintiff's beneficiaries; (2) Petitioner was able to obtain a voluntary remand on Plaintiff's behalf; (3) Petitioner took a substantial risk of loss in agreeing to represent Plaintiff on a contingency basis; (4) Plaintiff's claim was complex; (5) Petitioner spent over 27.5 hours litigating Plaintiff's case in court; (6) Plaintiff received an excellent result insofar Plaintiff received substantial amount of past due benefits and ongoing benefits; and (7) the Commissioner does not oppose the motion. *See, e.g.,* Doc. 22 ¶ 9.

In *Gisbrecht*, the Supreme Court held that the provision of § 406(b) that limits attorney's fees to twenty-five percent of past due benefits was

designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. *Gisbrecht*, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807 (footnote omitted). Thus, the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. *Id.* at 808. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citation omitted). Although the Supreme Court did not specify the factors that courts should consider when determining the reasonableness of a § 406(b) fee, the Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay, or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id.* at 808.

    Here, the fee sought for attorney time is reasonable in the light of the work performed and the result achieved. The undersigned notes that

there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of twenty-five percent of past due benefits. *Cf.* Doc. 22 ¶ 8. There is also no allegation of undue delay by Petitioner.

Additionally, the undersigned cannot fault the character of the representation provided by Petitioner in this case. Plaintiff's case had been denied by the SSA. *See* Tr. 15–17. Furthermore, Petitioner was effective in achieving a remand in this court, which occurred only after Petitioner filed a memorandum in support of Plaintiff's complaint, which necessitated the review of an exceptionally lengthy transcript (nearly 925 pages) of the administrative proceedings below. The remand ultimately led to a favorable disability determination by the Commissioner. Thus, because of Petitioner's efforts, Plaintiff will receive back benefits as well as ongoing benefits. Doc. 22 ¶¶ 2–3.

Finally, the fee is reasonable in the light of other fee awards in Social Security cases. *See Gain v. Comm'r of Soc. Sec.*, No. 8:20-cv-680-KKM-JSS, 2022 WL 3924154, at *3 (M.D. Fla. Aug. 31, 2022) (concluding attorneys fee of $33,273.03 for 31.5 hours was reasonable); *Krause v. Saul,* No. 8:19-CV-1092-CPT, 2021 WL 1561482, at *2 (M.D. Fla. Apr. 21,

2021) (awarding fees of $37,745.12 for 34.3 hours); *Rollins v. Saul*, No. 1:17CV120-MW/CAS, 2020 WL 2025638, at *1 (N.D. Fla. Mar. 26, 2020), *report and recommendation adopted*, No. 1:17CV120-MW/MAF, 2020 WL 1991473 (N.D. Fla. Apr. 27, 2020); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (approving of a contingency fee of $1,121.86 per hour).

Petitioner, therefore, has demonstrated that the fee request is reasonable.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **GRANT** Petitioner's unopposed "Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act," Doc. 22;

2.  **ORDER** the Commissioner to promptly disburse to Petitioner the $14,550.48.

At Pensacola, Florida, this 4th day of October, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this matter to the undersigned.** *See* **N.D. Fla. Loc. R. 72.3; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**